**KOLLER LAW LLC**
David M. Koller, Esq. (PA 90119)
Jordan D. Santo, Esq. (PA 320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN REED,** | : | |
| **206 Ronaldson Street** | : | **Civil Action No.** |
| **Media, PA 19063** | : | |
| **Plaintiff,** | : | **Complaint and Jury Demand** |
| | : | |
| **v.** | : | |
| | : | |
| **SOUTHWEST AIRLINES COMPANY,** | : | |
| **2702 Love Field Drive** | : | |
| **Dallas, TX 75235** | : | |
| | : | |
| **And** | : | |
| | : | |
| **SOFTTEK INTEGRATION SYSTEMS,** | : | |
| **INC.,** | : | |
| **15303 Dallas Parkway, Suite 200** | : | |
| **Addison, TX 75001** | : | |
| **Defendants.** | : | |

## CIVIL ACTION

Plaintiff, John Reed (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Southwest Airlines Company (hereinafter "Defendant Southwest") and Softtek Integration Systems, Inc. (hereinafter "Defendant Softtek" and collectively "Defendants"), for violations of the Federal Credit Reporting Act ("FCRA") and the Pennsylvania Criminal History Records Information Act (the "Act") at 18 P.S. §§ 9101 *et. seq.*,

and seeking for damages resulting from improper failure to hire due to criminal history. In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Southwest Airlines Company is an airline with a location and corporate headquarters located at 2702 Love Field Drive, Dallas, TX 75235.

4. Upon information and belief, Defendant Softtek Integration Systems, Inc. is a global software engineering partner with a location and corporate headquarters located at 15303 Dallas Parkway, Suite 200, Addison, TX 75001.

## JURISDICTION AND VENUE

5. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

6. The FCRA is a federal law and so this court maintains federal question jurisdiction over this matter.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391 (b)(1) and 1931 (b)(2) because Defendant is located in and/or regularly conduct business in this judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## MATERIAL FACTS

### PLAINTIFF'S APPLIED TO DEFENDANTS

9. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

10. Upon information and belief, Defendant Softtek is a contractor for, and agent of, Defendant Southwest.

11. On or about June 30, 2024, Plaintiff submitted his resume to Defendant Southwest.

### PLAINTIFF WAS INTERVIEWED FOR THE POSITION

12. On or about August 15, 2024, Defendant Softtek contacted Plaintiff and scheduled an interview with him for the next day.

13. On or about August 16, 2024, Plaintiff attended his scheduled interview with Chandrakant Parida, Consulting Manager at Defendant Softtek, and Luis Miguel Olaya Valles, Support Engineer.

14. The interview went well.

15. On or about August 23, 2024, Plaintiff followed up with Parida regarding the interview.

16. Parida responded with scheduling Plaintiff for an interview with Defendant Southwest for September 10, 2024.

17. On or about September 10, 2024, Plaintiff attended the interview with Defendant Southwest with employees of Defendant Softtek also present.

### DEFENDANT SOFTTEK SENT PLAINTIFF AN OFFER LETTER WHICH PLAINTIFF ACCEPTED

18. On or about September 18, 2024, Defendant Softtek sent Plaintiff an offer letter on behalf of Defendant Southwest for the position of Network Engineer – L3 with Defendant Southwest.

19. The position was fully remote with Defendants aware, upon information and belief, that Plaintiff would be working within the Commonwealth of Pennsylvania.

20. Plaintiff's scheduled start date was on or about October 2, 2024.

21. Plaintiff signed and returned the offer letter.

## PLAINTIFF COMPLETED THE TWO (2) BACKGROUND CHECK REQUESTS DOCUMENTATION

22. On or about September 19, 2024, Plaintiff received documentation to complete a background check through First Advantage.

23. Plaintiff completed the First Advantage background check and submitted to it Defendant Softtek.

24. On or about September 23, 2024, Plaintiff received documentation to complete a background check through Sterling.

25. Plaintiff completed the Sterling background check documentation and submitted it to Defendant Softtek.

26. On or about September 25, 2024, Sterling notified Plaintiff that it was providing his background information report to Defendant Southwest.

## DEFENDANT SOFTTEK SENT PLAINTIFF A WELCOME EMAIL

27. On or about September 26, 2024, Plaintiff received an additional welcome email and introduction to Ruth Areli Miranda Cueto, Delivery Manager.

## PLAINTIFF COMPLETED THE PRE-BOARDING CALL AND BENEFITS ENROLLMENT FORM

28. On or about September 27, 2024, Parida sent Plaintiff a request for a pre-boarding call with him for September 30, 2024.

29. On or about September 30, 2024, Plaintiff attended the pre-boarding call with Parida and completed his benefits enrollment form.

## PLAINTIFF'S START DATE WAS DELAYED DUE TO THE STERLING BACKGROUND CHECK

30. On or about October 1, 2024, Plaintiff spoke with Claudia Dolores Perez Chavarria, Business Relationship Manager, regarding his concerns of the delay in the Sterling background check being completed before his scheduled start date.

31. As a result, Plaintiff's scheduled start date was delayed until the Sterling background check was completed.

## PLAINTIFF REPEATEDLY FOLLOWED UP REGARDING THE STATUS OF THE STERLING BACKGROUND CHECK

32. On or about October 4, 2024, Plaintiff contacted Parida regarding the status of the Sterling background check.

33. On or about October 8, 2024, Parida responded to Plaintiff that Defendant Softtek was working on it.

34. On or about October 11, 2024, Plaintiff followed up with Parida regarding the status of the Sterling background check.

35. On or about October 14, 2024, Cueto responded to Plaintiff that the Sterling background check should be completed by October 17, 2024.

36. However, Defendants did not provide a copy of Sterling's background check report to Plaintiff.

## DEFENDANT SOUTHWEST SENT PLAINTIFF A WELCOME EMAIL

37. On or about October 21, 2024, Eva Garcia Lopez, Manager, welcomed Plaintiff to Defendant Southwest.

## PLAINTIFF ATTEMPTED TO OBTAIN HIS BACKGROUND CHECK REPORT FROM STERLING

38. On or about October 25, 2024, Plaintiff contacted Sterling directly regarding his background check and requested a copy of his background check report directly.

39. Sterling sent Plaintiff a copy of his background check report.

## PLAINTIFF CONTACTED DEFENDANT SOFTTEK ABOUT THE CAUSE OF THE DELAY OF THE STERLING BACKGROUND CHECK REPORT

40. On or about October 28, 2024, Plaintiff contacted Defendant Softtek's hiring team and was informed by Parida that the background check may be the cause of the delay, but that Defendant Softtek was not aware of the details.

## DEFENDANTS RESCINDED PLAINTIFF'S JOB OFFER

41. On or about October 30, 2024, Afzal Siddiqui, Defendant Softtek Senior Consulting Manager, scheduled a meeting with Plaintiff and Luis Fernando Jaramillo, Defendant Softtek Director of People, for on or about October 31, 2024.

42. Siddiqui informed Plaintiff that he did not believe Defendant Southwest would be able to proceed with his hiring due to the Sterling background check report.

43. On or about October 31, 2024, Plaintiff attended the meeting with Siddiqui and Jaramillo.

44. They proceeded to informed Plaintiff that Defendants were rescinding their job offer to him.

## DEFENDANTS PROVIDED THE BACKGROUND CHECK REPORT TO PLAINTIFF AFTER NOTIFYING HIM OF HIS RESCINDED JOB OFFER

45. On or about November 1, 2024, Jaramillo sent Plaintiff a copy of Sterling's background check report and a rescinded offer letter.

46. In addition, the rescinded offer letter stated that Plaintiff did not meet the acceptance criteria for the position.

47. Defendants provided Plaintiff with the copy of the Sterling background check report after notifying him that they were rescinding his job offer.

48. Defendants did not provide Plaintiff with the required time to review and potentially dispute any information on the background check before making a decision regarding Plaintiff's eligibility for hire.

## PLAINTIFF'S BACKGROUND DID NOT AFFECT HIS SUITABILITY FOR THE ROLE THAT DEFENDANT OFFERED AND THEN RESCINDED

49. The Sterling background check showed Plaintiff's 2003 criminal charges of armed robbery, burglary and assault.

50. Plaintiff completed his incarceration, probation and parole in or around 2008.

51. Plaintiff's criminal convictions did not affect his suitability to perform the role of Network Engineer – L3.

52. Defendants did not ask about Plaintiff's background during the application process.

53. Defendant rejected Plaintiff from the Network Engineer – L3 position due to his criminal background in violation of the CHRIA.

## COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT

54. Plaintiff incorporates the preceding paragraphs as if the same were set forth herein.

55. Defendant Softtek is an "employer" and "user of consumer reports" within the meaning of the Fair Credit reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

56. Defendant Southwest is an "employer" and "user of consumer reports" within the meaning of the FCRA.

57. In connection with Plaintiff's application for employment, Defendants procured a consumer report concerning Plaintiff from a consumer reporting agency, as defined by the FCRA.

58. Defendants used or intended to use information contained in the consumer report, in whole or in part, as a basis for an adverse employment action against Plaintiff.

59. On or about October 31, 2024, Defendants communicated to Plaintiff that Plaintiff would not be hired, thereby taking adverse employment action against Plaintiff based on the consumer report.

60. At the time Defendants communicated this adverse employment decision, Defendants had not provided Plaintiff with the following documents as required by the FCRA:

    a.   A copy of the consumer report relied upon; and/or

    b.   A copy of the "Summary of Your Rights Under the Fair Credit Reporting Act,"

61. Instead, Defendants provided the required notice only after the adverse employment decision had already been made and communicated to Plaintiff.

62. By communicating the adverse decision before providing the required pre-adverse action notice and without allowing Plaintiff a meaningful opportunity to review or dispute the consumer report, Defendants failed to comply with the mandatory procedures set forth in the FCRA.

63. Defendants' conduct deprived Plaintiff of the statutory right to review, explain, or dispute the consumer report prior to the adverse employment decision.

64. Defendants' violations of the FCRA were willful, knowing, or in reckless disregard of Plaintiff's rights, entitling Plaintiff to statutory damages.

65. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages.

    **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – FAILURE TO HIRE
## <u>PENNSYLVANIA'S CRIMINAL HISTORY RECORD INFORMATION ACT</u>

66. Plaintiff incorporates the preceding paragraphs as if the same were set forth herein.

67. Pennsylvania's Criminal History Record Information Act ("CHRIA" or the "Act") prohibits employers from denying employment to individuals based on a criminal conviction that does not relate to the individual's suitability for the position at issue. <u>See</u> 18 Pa. C.S.A. § 9125(b).

68. The Act also requires employers to notify applicants in writing if the decision not to hire the applicant is based in whole or in part on criminal history record information. <u>See</u> 18 Pa. C.S.A. § 9125(c).

69. 18 P.S. §9125(a) provides that: "Whenever an employer is in receipt of information which is part of an employment applicant's criminal history record information file, it may use that information for the purpose of deciding whether or not to hire the applicant, only in accordance with this section."

70. 18 P.S. §9125(b) states that: "Felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied."

71. In the instant case, Defendants denied Plaintiff employment based on Plaintiff's criminal history that in no way relate to his suitability for the position at issue.

72. Defendants denied Plaintiff employment on the basis of his criminal history despite its total lack of relation to Plaintiff's suitability for employment, which is a violation of the Act.

73. Plaintiff also did not receive the rejection of his employment in writing from Defendants, which also is a violation of the Act.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff, John Reed, requests that the Court grant him the following relief against Defendants, Southwest Airlines Company and Softtek Integration Systems, Inc.:

a) Damages for past and future monetary losses as a result of Defendants' violation of the FCRA and failure to hire;

b) Compensatory damages for economic and non-economic non-wage damages including, *inter alia*, mental anguish, humiliation, and/or emotional distress;

c) Punitive damages as appropriate;

d) Liquidated damages as appropriate;

e) Reasonable attorneys' fees;

f) Recoverable costs;

g) Pre and post judgment interest;

h) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

i) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

j) Awarding any/all other extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: December 17, 2025          **By:**  ***/s/David M. Koller***
                                  David M. Koller, Esquire
                                  Jordan D. Santo, Esquire
                                  2043 Locust Street, Suite 1B
                                  Philadelphia, PA 19103
                                  215-545-8917
                                  davidk@kollerlawfirm.com
                                  jordans@kollerlawfirm.com

                                  *Counsel for Plaintiff*